Georgia A. Staton, Bar #004863
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7854
gstaton@jshfirm.com

Attorneys for Defendants Mohave County; Walker; Sockwell; Johnson; Watson; and Ekstrom

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gianluca Zanna and Bridget Langston-Zanna, husband and wife,<br><br>                              Plaintiffs,<br><br>v.<br><br>Mohave County, a jural entity; Ron Walker and Jane Doe Walker, husband and wife; Tom Sockwell and Jane Doe Sockwell, husband and wife; Buster Johnson and Jane Doe Johnson, husband and wife; Gary Watson and Jane Doe Watson, husband and wife; and William Ekstrom and Jane Doe Ekstrom, husband and wife,<br><br>                              Defendants. | NO. CV 10-08149-PCT-GMS<br><br>**ANSWER ON BEHALF OF DEFENDANTS** |

         Defendants Mohave County, Walker, Sockwell, Johnson, Watson and Ekstrom, by and through undersigned counsel, for its Answer to Plaintiffs' Complaint, admit, deny and allege as follows:

         1.      Defendants deny each and every allegation not otherwise admitted or pled to.

         2.      In answering Paragraph 1 of Plaintiffs' Complaint, Defendants admit same.

2297635.1
9/8/10

3. In answering Paragraph 2 of Plaintiffs' Complaint, Defendants admit that Mohave County is a political subdivision of the State of Arizona and, as such, is a jural entity which may sue and be sued.

4. In answering Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of Plaintiffs' Complaint, Defendants admit same.

5. In answering Paragraph 13 of Plaintiffs' Complaint, Defendants admit same.

6. In answering Paragraph 14 of Plaintiffs' Complaint, Defendants deny that Plaintiffs timely and properly served a Notice of Claim on each of the individually named Defendants.

7. In answering Paragraph 15 of Plaintiffs' Complaint, Defendants deny same.

8. In answering Paragraph 16 of Plaintiffs' Complaint, Defendants admit only that Mohave County is a governmental entity which is managed by an elected Board of Supervisors.

9. In answering Paragraph 17 of Plaintiffs' Complaint, Defendants admit only that Tom Sockwell, Buster Johnson and Gary Watson are duly elected members of the County Board of Supervisors for Mohave County, Ron Walker is Mohave County Manager and William Ekstrom is a Deputy County Attorney who are acting in their respective capacities for Mohave County.

10. In answering Paragraph 18 of Plaintiffs' Complaint, Defendants admit same.

**BACKGROUND**

11. In answering Paragraph 19 of Plaintiffs' Complaint, Defendants admit only that on November 13, 2009, U.S. Senator John McCain attended a Town Hall meeting at the Mohave County Administrative Building; citizens including Plaintiffs were present; Plaintiffs were handing out political flyers inside the County Administrative Building and were asked to move outside of the building.

1     12.  In answering Paragraph 20 of Plaintiffs' Complaint, Defendants deny
2  same.
3     13.  In answering Paragraph 21 of Plaintiffs' Complaint, Defendants are
4  without sufficient information or knowledge to form a belief as to the truth of the matters
5  asserted therein and, therefore, deny same.
6     14.  In answering Paragraph 22 of Plaintiff's Complaint, Defendants deny
7  same.
8     15.  In answering Paragraph 23 of Plaintiffs' Complaint, Defendants deny
9  same.
10    16.  In answering Paragraph 24 of Plaintiffs' Complaint, Defendants deny
11  that the County Administration Property is a public forum and further deny that
12  Defendants violated Plaintiffs' First Amendment rights.
13    17.  In answering Paragraph 25 of Plaintiffs' Complaint, Defendants
14  admit only that Defendant Sockwell wrote a letter to a local newspaper. Defendants deny
15  all remaining allegations contained therein.
16    18.  In answering Paragraph 26 of Plaintiffs' Complaint, Defendants are
17  without sufficient information or knowledge to form a belief as to the truth of the matters
18  asserted therein and, therefore, deny same.
19    19.  In answering Paragraph 27 of Plaintiffs' Complaint, Defendants deny
20  same.
21    20.  In answering Paragraph 28 of Plaintiffs' Complaint, Defendants deny
22  same.
23    21.  In answering Paragraph 29 of Plaintiffs' Complaint, Defendants deny
24  same.

## COUNT ONE

### (Negligence and/or Gross Negligence)

22. In answering Paragraph 30 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 29 as if fully set forth herein.

23. In answering Paragraph 31 of Plaintiffs' Complaint, Defendants admit same.

24. In answering Paragraph 32 of Plaintiffs' Complaint, Defendants deny same.

25. In answering Paragraph 33 of Plaintiffs' Complaint, Defendants admit only that Mohave County is vicariously liable for the acts of its employees acting within the course and scope of their employment.

26. In answering Paragraph 34 of Plaintiffs' Complaint, Defendants deny same.

## COUNT TWO

### (Intentional Infliction of Emotional Distress)

27. In answering Paragraph 35 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 34 as if fully set forth herein.

28. In answering Paragraph 36 of Plaintiffs' Complaint, Defendants deny same.

29. In answering Paragraph 37 of Plaintiffs' Complaint, Defendants deny same.

30. In answering Paragraph 38 of Plaintiffs' Complaint, Defendants admit only that Mohave County is vicariously liable for the acts of its employees acting within the course and scope of their employment.

31. In answering Paragraph 39 of Plaintiffs' Complaint, Defendants deny same.

## COUNT THREE

## (42 U.S.C. §1983)

32. In answering Paragraph 40 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 39 as if fully set forth herein.

33. In answering Paragraphs 41, 42 and 43 of Plaintiffs' Complaint, Defendants deny same.

34. In answering Paragraph 44 of Plaintiffs' Complaint, Defendants deny same.

35. In answering Paragraph 45 of Plaintiffs' Complaint, Defendants deny same.

## COUNT FOUR

## (Defamation/Libel/Slander)

36. In answering Paragraphs 46, 47, 48, 49, 50, 51 and 52 Plaintiffs' Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

As and for an affirmative dense and in the alternative Defendant asserts:

1. Plaintiffs failed to timely and properly comply with Arizona's Notice of Claim statute, A.R.S. §12-821.01 as to each of the named Defendants thus barring Plaintiffs' state law claims.

2. Plaintiffs' Complaint, in whole or in part, is barred by the statute of limitations.

3. The individually named Defendants, sued in their individual capacity, are entitled to qualified immunity.

4. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

5. Plaintiffs were comparatively at fault all which serves to reduce or eliminate damages, if any, owed by these answering Defendants.

6.      Statements allegedly made by these Defendants were not defamatory.

7.      Truth as an absolute defense.

8.      The alleged defamatory comments were a matter of public interest.

9.      The allegedly defamatory statements, if made, were in the nature of pure opinion.

10.      As and for a separate affirmative defense, and in the alternative, Defendants assert that the allegedly defamatory statements, if made, were protected by qualified or absolute immunity.

11.      Plaintiffs will be unable to prove damages necessary to recover on their claims, as alleged, or at all.

12.      The statements, if any, made about Plaintiffs were about Plaintiffs' public life, not their private life.

13.      Punitive damages are not recoverable under state or federal law. See A.R.S. §12-820.04; *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2748 (1981) and *Smith v. Wade,* 103 S.Ct. 1625 (1983).

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that this matter be dismissed and it be awarded its costs incurred herein and such other and further relief as the Court deems just and proper including attorneys fees pursuant to 42 U.S.C. §1988. As to all triable matters, Defendant requests trial by jury.

DATED this 8th day of September, 2010.

JONES, SKELTON & HOCHULI, P.L.C.


By  s/Georgia A. Staton
    Georgia A. Staton
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona 85012
    Attorneys for Defendants Mohave County; Walker; Sockwell; Johnson; Watson and Ekstrom

| | |
|---|---|
| 1 | ORIGINAL electronically filed this 8th day of September, 2010. |
| 2 | |
| 3 | COPY mailed/e-mailed this 9th day of September, 2010, to: |
| 4 | Hon. G. Murray Snow |
| 5 | United States District Court Sandra Day O'Connor U.S. Courthouse |
| 6 | 401 West Washington Street, SPC 80 Suite 622 |
| 7 | Phoenix, AZ  85003-2156 602-322-7650 |
| 8 | |
| 9 | Vicki A.R. Lopez, Esq. MARC J. VICTOR, P.C. |
| 10 | 3920 South Alma School Road Suite 5 |
| 11 | Chandler, AZ  85248 Attorneys for Plaintiffs |
| 12 | 480-755-7110 FAX:  480-755-8286 |
| 13 | E-mail:  vicki@attorneyforfreedom.com |
| | s/Gwen Coon |

2297635.1
9/8/10

7